UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

Case No.: CV 19-06963-CJC(RAOx)

MANUEL ANDRADE, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

BEACON SALES ACQUISITION, INC., BEACON ROOFING SUPPLY, INC., and DOES 1–50,

Defendants.

ORDER DENYING PLAINTIFFS' MOTION TO REMAND

## I.  INTRODUCTION

Plaintiff Manuel Andrade filed this putative wage-and-hour class action against Defendants Beacon Sales Acquisition, Inc., Beacon Roofing Supply, Inc., and unnamed Does in Los Angeles County Superior Court. (Dkt. 1-1 at 59–76 [First Amended

-1-

Complaint, hereinafter "FAC"].) Defendants removed the action to this Court pursuant to 28 U.S.C. § 1332(a) and the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). (Dkt. 1.) Before the Court is Plaintiff's motion to remand. (Dkt. 7 [hereinafter "Mot."].) For the following reasons, the motion is **DENIED**.[1]

## II. BACKGROUND

Plaintiff worked for Defendants as a non-exempt truck driver from October 14, 2014 to January 2016, earning approximately $22 per hour. (FAC ¶¶ 6–7.) In January 2016, Plaintiff transitioned to a role as a salesperson in Defendants' office, earning a slightly higher hourly wage as well as commissions. (*Id.* ¶ 7.) He held this job until on or around April 13, 2018. (*Id.* ¶ 5.)

On March 26, 2019, Plaintiff brought this suit against Defendants in Los Angeles County Superior Court. (Dkt. 1-1 at 43–58 [Complaint, hereinafter "Compl."].) On April 10, 2019, he filed the operative First Amended Class Action Complaint ("FAC"). (FAC.) Plaintiff asserts six causes of action: (1) Unfair Competition; (2) Failure to Pay Minimum and Overtime Wages; (3) Failure to Pay Final Wages Timely ("Waiting Time Penalties"); (4) Failure to Keep Accurate Payroll Records ("Wage Statement Penalties"); (5) Failure to Provide Meal and Rest Periods; (6) Civil Penalties pursuant to California Labor Code § 2699. (*Id.*) He brings all but the third and fourth claims on his own behalf and on behalf of a class defined broadly as anyone employed by Defendants in California as a non-exempt employee in the last four years. (*Id.* ¶ 19.A.) The third and fourth causes of action are brought on Plaintiff's own behalf and on behalf of slightly narrower subclasses. (*Id.* ¶¶ 19.B, 19.C, 41–68.) In general, Plaintiff alleges Defendants

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for October 7, 2019 at 1:30 p.m. is hereby vacated and off calendar.

committed these Labor Code violations "as matters of policy and/or practice." (*Id.* ¶ 1.) More specifically, he alleges that Defendants failed to pay employees for opening and closing facilities, maintained timekeeping policies that systematically undercounted employee hours, and "prohibited overtime work without express authorization in the absence of an emergency." (FAC ¶¶ 33–34).

Plaintiff served Defendants with a summons and the FAC on May 25, 2019, and Defendants acknowledged receipt. (*See* Dkt. 1.) On August 9, 2019, Defendants filed a Notice of Removal to this Court pursuant to CAFA and 28 U.S.C. § 1332(a). (*Id.*) The Court now considers Plaintiff's motion to remand to state court.

## III. ANALYSIS

A civil action brought in a state court but over which a federal court may exercise original jurisdiction may be removed to a federal district court by the defendant. 28 U.S.C. § 1441(a). A district court has original diversity jurisdiction over all "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and cost," and the action is "between citizens of different States." 28 U.S.C. § 1332(a)(1). CAFA provides original federal jurisdiction over class actions in which the amount in controversy exceeds $5 million, there is minimal diversity between the parties, and the number of proposed class members is at least 100. 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B). "Congress designed the terms of CAFA specifically to permit a defendant to remove certain class or mass actions into federal court. . . [and] intended CAFA to be interpreted expansively." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). The Supreme Court has also held that "no antiremoval presumption attends cases invoking CAFA" because CAFA was enacted to facilitate federal courts' adjudication of certain class actions. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 550 (2014). To remove a case to federal court, a defendant must file a notice of removal

that is (1) timely and (2) adequately states the grounds for removal. 28 U.S.C. § 1446. The Court addresses each requirement in turn.

### A. Timeliness of Notice of Removal

Under 28 U.S.C. § 1446(b)(1), a defendant generally must remove a case within thirty days of receiving of the complaint. However, "the ground for removal must be revealed affirmatively in the initial pleading in order for the first thirty-day clock under § 1446(b) to begin." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 695 (9th Cir. 2005). Under 28 U.S.C. § 1446(b)(3), a thirty-day window is also triggered if defendant receives "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." If the pleading is indeterminate, a defendant has no obligation to remove the case or investigate jurisdictional facts. *Harris*, 425 F.3d at 693–95. This rule promotes certainty and predictability by avoiding a collateral inquiry into the defendant's subjective knowledge or the sufficiency of its investigation. *Id.* at 697. If a defendant *does* investigate and discovers that a case is removable, it may file its notice more than thirty days after receiving the complaint. *Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1238 (9th Cir. 2014) (per curiam); *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013) (explaining that this rule restricts a plaintiff's ability "to prevent or delay removal by failing to reveal information showing removability and then objecting to removal when the defendant has discovered that information on its own").

Defendants filed the Notice of Removal fifty-five days after receiving the FAC. (Dkt. 1.) Because this is outside the thirty-day window, it is untimely if the FAC "revealed affirmatively" the grounds for removal. *See Harris*, 425 F.3d at 695. Plaintiff contends, and the Court agrees, that the FAC clearly established the removability of Plaintiff's claims *as an individual* under diversity jurisdiction. (*See* FAC ¶¶ 4–11; Dkt.

10 [Notice of Removal, hereinafter "Notice"] ¶¶ 12–33 [Defendants assert that diversity jurisdiction exists *solely* based on information in the Complaint.].)  However, "a defendant may remove a case from state court within thirty days of ascertaining that the action is removable under CAFA, even if an earlier pleading, document, motion, order, or other paper revealed an alternative basis for federal jurisdiction." *Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1180 (9th Cir. 2015).  Defendants only ascertained that the case was removable under CAFA after an investigation of company records.  (Notice ¶ 43 ["[A] review of the allegations and [Defendants'] records demonstrate that the amount in controversy in this case exceeds $5,000,000."].)  Because CAFA jurisdiction was not revealed affirmatively in the FAC, Defendants were not obligated to remove within thirty days of its filing.  *See Jordan*, 781 F.3d at 1180.

Plaintiff argues that Defendants' removal was nevertheless untimely because it *may* have been filed more than thirty days after Defendants finished their investigation.  This argument is unpersuasive.  The relevant rule in the Ninth Circuit is somewhat unclear.  Defendants contend that they could remove "at any time."  (Dkt. 9 [Defs.' Opp. to Mot.] at 4.)  They rely on *Rea v. Michaels Stores Inc.*, which found that "as long as the complaint or 'an amended pleading, motion, order or other paper' does not reveal that the case is removable, the 30-day time period never starts to run and the defendant may remove *at any time*." 742 F.3d at 1238 (quoting 28 U.S.C. § 1446(b)) (emphasis added).  Several district courts have interpreted the Ninth Circuit's holding in *Rea* similarly to Defendants.  *See, e.g.*, *Meza v. Pac. Bell Tel. Co.*, 2017 WL 3503408, at *3 (E.D. Cal. Aug. 16, 2017); *Hip Hop Beverage Corp. v. Michaux*, 2016 WL 4034777, at *4 (C.D. Cal. July 25, 2016).  However, the Court is not convinced that such an expansive interpretation of *Rea* is the correct one.  The defendant in *Rea* filed its notice of removal *one day* after learning that the case was removable.  742 F.3d at 1236.  Moreover, dicta in other Ninth Circuit cases suggest a broader application of the thirty-day requirement.  *See Jordan*, 781 F.3d at 1180 ("[A] defendant may remove a case from state court within

thirty days of ascertaining that the action is removable under CAFA."). Courts should and do scrutinize the timeliness of removal if defendant's actions suggest gamesmanship or undue delay. *See Garcia v. Wal-Mart Stores Inc.*, 207 F. Supp. 3d 1114, 1131 (C.D. Cal. 2016); *Fergerstrom v. PNC Bank, N.A.*, 2014 WL 1669101, at *4 (D. Haw. Apr. 25, 2014) (finding that notice of removal was filed "promptly" after an investigation).

Here, the Court finds that the Notice of Removal was timely regardless of whether Defendants could have removed at "any time." There is no evidence of undue delay or gamesmanship. Defendants completed their investigation and filed for removal less than two months after the FAC was filed and before the state court case proceeded to discovery. (*See* Dkt. 1; Mot. at 8.) Nor is there any evidence that Defendants had notice of removability more than thirty days before filing. Plaintiff suggests that Defendants' were obligated to specify *when* they learned that the case was removable in their Notice of Removal. Such a requirement has not been imposed in analogous cases. *See, e.g., Garcia v. Cent. Coast Rests., Inc.*, 2018 WL 6267829, at *3 (N.D. Cal. June 26, 2018). Moreover, it could lead to "the spectre of inevitable collateral litigation" about "whether defendant had subjective knowledge." *Harris*, 425 F.3d at 697. The Court rejects this argument and finds that the Notice of Removal was timely filed.

**B. Grounds for Removal**

Under CAFA, a defendant removing a case must file a notice of removal containing a "short and plain statement of the grounds for removal." *Dart*, 135 S. Ct. at 553. Additionally, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," unless a defendant's assertion is contested by the plaintiff. *Id.* at 554. Where a defendant's asserted amount in controversy is contested, "[e]vidence establishing the amount is required." *Id.* "In such a case, both sides submit proof and the court decides, by a

preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 550.  Ultimately, the defendant bears the burden of proving that the amount in controversy is met.  *Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 978 (9th Cir. 2013).  They must do so based on the "consideration of real evidence and the reality of what is at stake in the litigation," but can also use "reasonable assumptions underlying the defendant's theory of damages exposure." *Ibarra*, 775 F.3d at 1198.  In *Arias v. Residence Inn by Marriott*, the Ninth Circuit recently reaffirmed that a removing defendant may rely on "a chain of reasoning that includes assumptions" and "an assumption may be reasonable if it is founded on the allegations of the complaint."  2019 WL 4148784, at *4 (9th Cir. Sept. 3, 2019).

Plaintiff contends that this case must be remanded because Defendants have not met their burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $5 million as required by CAFA.[2]  The Court disagrees.  Because Plaintiff contests the amount in controversy, Defendants must provide evidence to support their calculations.  To fulfill that requirement, Defendants offer the Declaration of Francine Parciasepe, their payroll director.  (Dkt. 9-2 [hereinafter "Parciasepe Dec."].)  Based on her review of relevant employment records, Parciasepe offers the following facts: (1) Defendants employed approximately 939 non-exempt employees in California during the period between March 26, 2015 and December 31, 2018;[3] (2) these employees worked approximately 50,720 workweeks; (3) the average hourly rate for these employees during this period was $17.98.  (*Id.* ¶ 5.)

---

[2] Plaintiff does not dispute that the other two CAFA requirements—minimal diversity and minimum class size—have been met.  (*See generally* Mot.)  Plaintiff has diverse citizenship from Defendants, and records show that Defendant employed well over 100 qualifying class members.  (Notice ¶¶ 35–40.)
[3] March 26, 2015 is the beginning of the relevant statutory period for damages and penalties under Plaintiffs' claims.

Defendants can properly establish the amount in controversy based solely on Plaintiffs' minimum wage, overtime, meal period, and rest period claims (the second and fifth causes of action). The FAC alleges that "as matters of policy and/or practice," Defendants failed to pay legal minimum and overtime wages for all hours worked. (FAC ¶ 1.) It specifically alleges that Defendants (1) "required Plaintiff Class members to open and/or close Defendants' facilities" but failed to pay them regular and overtime wages for those tasks, (FAC ¶ 33), (2) "maintained timekeeping policies and/or practices that did not enable Plaintiffs and Plaintiff Class members to record all of [their] time," (FAC ¶ 34), and (3) "maintained overtime policies and/or practices that prohibited overtime work without express authorization in the absence of an emergency," (FAC ¶ 34). Based on these allegations, Defendants assume a violation rate of one hour of off-the-clock work and two hours of uncompensated overtime per workweek. (Notice ¶¶ 46–49.) In support of the fifth cause of action, the FAC alleges broadly that "as matters of policy and/or practice," Defendants "failed to provide meal and rest periods" (FAC ¶ 1.) Plaintiff has not offered any specific facts or allegations about the frequency of these violations. Defendants therefore assume violation rates of two improperly withheld meal periods and two improperly withheld rest periods per workweek.

The Court finds Defendants' violation rates are reasonable assumptions grounded in the allegations of the FAC. The amount in controversy considers the amount in dispute, not the amount that a plaintiff is likely to recover. *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). "In that sense, the amount in controversy reflects the maximum recovery the plaintiff could reasonably recover." *Arias*, 2019 WL 4148784, at *5 (*quoting* Lewis, 627 F.3d at 401). Plaintiff could have, but did not, make more specific allegations to narrow the scale or scope of this controversy. *See Muniz v. Pilot Travel Centers LLC*, 2007 WL 1302504, at *4 (E.D. Cal. May 1, 2007). Defendant is not "required to comb through its records to identify and calculate the exact frequency of violations." *Lopez v. Aerotek, Inc.*, 2015 WL 2342558, at *3 (C.D. Cal. May 14,

2015). Defendants' assumed violation rates are grounded in the broad allegation that these violations occurred "as matters of policy and/or practice" and the specific allegations involving Defendants' various schemes to underpay employees. (*See* FAC ¶¶ 1, 33–34.) Although courts have assumed 100% violation rates in other cases involving sweeping allegations, Defendants make limited and reasonable assumptions for these four claims. *Cf. Coleman v. Estes Exp. Lines, Inc.*, 730 F. Supp. 2d 1141, 1149 (C.D. Cal. 2010).

For Plaintiff's overtime, minimum wage, meal period, and rest period claims, the FAC defines the class broadly as all non-exempt employees that worked for Defendants in the statutory period. (FAC ¶ 19.A.) Based on Parciasepe's analysis and the assumptions above, Defendants estimate an alleged $608,640 in unpaid wages for the minimum wage claim and an alleged $2,735,836.80 in unpaid overtime. (Notice ¶¶ 45–46.)[4] They also estimate an alleged $1,823,891.20 in unpaid meal period premiums and another $1,823,891.20 in unpaid rest period premiums. (Notice ¶¶ 51–54.)[5] Taken together, this suggests an amount in controversy of nearly $7 million *before* considering Plaintiffs' unfair competition claims, wage statement penalties, waiting penalties, civil penalties under Labor Code § 2699, or attorneys' fees. Defendants' showing is sufficient to satisfy CAFA's amount-in-controversy requirement.

Finally, Plaintiff argues that the Notice of Removal must fail because "Defendants fail to provide the requisite supporting evidence" and their calculations are based on

---

[4] The analysis for the minimum wage claim is calculated based on the assumed violation rate, 50,720 workweeks, and California's minimum wage of $12 per hour. (Notice ¶¶ 45–46.) The overtime claim analysis is calculated based on the assumed violation rate, 50,720 workweeks, an average hourly wage of $17.98, and an overtime rate of $26.97. (*Id.*) *See* Cal. Lab. Code § 1194 (employees entitled to improperly withheld minimum wages and overtime wages in civil action).

[5] This estimate is based on the assumed violation rates, 50,720 workweeks, and an average hourly wage of $17.98. *See* Cal. Lab. Code § 226.7(c) (providing a one-hour wage penalty for denied rest and meal periods).

"mere speculation and conjecture." (Mot. at 13–14 [quoting *Ibarra*, 775 F.3d at 1197].) The Court disagrees. As explained above, Defendants *have* provided evidence: a declaration from a knowledgeable employee based on her analysis of regularly kept and created business records. (*See* Parciasepe Dec.) And Defendants properly estimated violation rates based on reasonable assumptions grounded in the FAC. *See Arias*, 2019 WL 4148784, at *6. A defendant is not required to "prove it actually violated the law at the assumed rate," *id.*, and Plaintiff has offered no evidence of his own. At this stage, the preponderance of the evidence standard is "not daunting." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204–05 (E.D. Cal. 2008) (internal quotations omitted). As such, the Parciasepe Declaration and Defendants' reasonable assumptions are sufficient to show by a preponderance of the evidence that the amount in controversy exceeds $5 million. Accordingly, the Court finds that the Notice of Removal properly establishes CAFA jurisdiction and **DENIES** Plaintiff's motion to remand the case.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand is **DENIED**.

DATED: October 1, 2019

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE