JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL ANDRADE, on behalf of himself and all other similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> BEACON SALES ACQUISITION, INC., BEACON ROOFING SUPPLY, INC.; and DOES 1 through 50, inclusive, <br><br> Defendants. | Case No. 2:19-CV-06963-MCS-RAO <br><br> **ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT [44] AND MOTION FOR FEES AND COSTS AND CLASS REPRESENTATIVE PAYMENT [39]** |

Before the Court are unopposed Motions for Final Approval of Class Action Settlement and for Fees and Costs and Class Representative Payment filed by Plaintiff Manuel Andrade. Fee Mot., ECF No. 39; Settlement Mot., ECF No. 44. The Court held oral arguments and took the matter under submission. The Motions are **GRANTED**.

## I. BACKGROUND

Andrade filed a wage and hour class action and Labor Code Private Attorneys General Act of 2004 ("PAGA") representative action on behalf of himself and a putative class of past and current employees of Defendants Beacon Sales Acquisition, Inc. and Beacon Roofing Supply, Inc. bringing the following claims: **(1)** unfair competition

under California Bus. & Prof. Code § 17200 et seq.; **(2)** failure to pay minimum and overtime under California Labor Code §§ 1994 and 1994.2; **(3)** waiting time penalties under California Labor Code § 203; **(4)** failure to provide accurate written wage statements under California Labor Code § 226; **(5)** failure to provide meal periods under California Labor Code § 226.7; **(6)** failure to provide rest periods under California Labor Code § 226.7; **(7)** civil penalties under California Labor Code § 2698 et seq. *See* First Amended Complaint, ECF No. 1-1. The Court conditionally certified the class for settlement purposes, preliminarily approved the class action settlement ("Agreement"), and approved distribution of the Notice of Class Action Settlement ("Class Notice") to all class members. *See* Order Granting Mot. for Preliminary Approval of Class Action Settlement ("Prelim. Order"), ECF No. 36; *see also* Agreement, Arnab Banerjee Decl. Ex. A, ECF No. 44-1. The Court appointed Joshua Cohen Slatkin and Arnab Banerjee as Class Counsel; Andrade as Class Representative; and Simpluris, Inc. as the settlement administrator. *See* Prelim. Order 9. Simpluris delivered the Court-approved notice materials to class members and received no objections or opt-out requests. *See* Cassandra Cita Decl. ¶¶ 4-7, ECF No. 44-2. Andrade now moves for final settlement approval, as well as an award of costs, fees, and a class representative payment.

## II. LEGAL STANDARD

### A. Final Class Action Settlement Approval

A court can approve a class action settlement that binds class members "only after a hearing and only on finding that it is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). The Ninth Circuit has listed factors that courts must balance to decide whether to approve a class action settlement:

> (1) the strength of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement."

*Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004).

District courts analyze the contents of the notice to the class and whether the settlement was "the product of collusion among the negotiating parties." *Id.* at 575-76. "The relative degree of importance to be attached to any particular factor will depend upon and be dictated by the nature of the claim(s) advanced, the type(s) of relief sought, and the unique facts and circumstances presented by each individual case." *Officers for Justice v. Civil Serv. Comm'n of City & Cty. of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982). "It is the settlement taken as a whole, rather than the individual component parts, that must be examined for overall fairness, and the settlement must stand or fall in its entirety." *Staton v. Boeing Co.*, 327 F.3d 938, 960 (9th Cir. 2003) (quotation marks, citations, and notations omitted). Finally, "strong judicial policy… favors settlements." *Churchill Vill.,* 361 F.3d at 576 (citation omitted).

### B. Fees, Costs and Incentive Awards

The court may award reasonable fees and costs that are authorized by law or by the parties' agreement. Fed. R. Civ. P. 23(h). "Where a settlement produces a common fund for the benefit of the entire class, courts have discretion to employ either the lodestar method or the percentage-of-recovery method." *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011). In assessing a fee request, courts consider factors like: "(1) the results achieved; (2) the risk of litigation; (3) the skill required and the quality of work; (4) the contingent nature of the fee and the financial burden carried by the plaintiffs; and (5) awards made in similar cases." *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1046 (N.D. Cal. 2008).

Courts must evaluate incentive awards "individually, using 'relevant factors includ[ing] the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions,… the amount of time and effort the plaintiff expended in pursuing the litigation… and reasonabl[e] fear[s of] workplace retaliation.'" *Staton*, 327 F.3d at 977. Courts also consider the risk to the class representative in commencing suit, both financial and otherwise, the notoriety and personal difficulties encountered by the class representative, the amount of time and

effort spent by the class representative, the duration of the litigation, and the personal benefit (or lack thereof) enjoyed by the class representative as a result of the litigation. *Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 299 (N.D. Cal. 1995).

## III.    DISCUSSION

### A. Class Certification

Based on the showing made in support of the Motion for Preliminary Approval and the Motion for Final Approval and as discussed in the Preliminary Order, the Court finds the parties have met their class certification burden under Rule 23(a) and b(3). Briefly, the class size is approximately 1,775 members and joinder is thus impracticable. *Villalpando v. Exel Direct, Inc.*, 303 F.R.D. 588, 605-606 (N.D. Cal. 2014) ("[C]ourts have routinely found the numerosity requirement satisfied when the class compromises 40 or more members."). Class members share common questions of fact set forth in the Preliminary Order and Andrade's claims and the claims of the other class members arise from the same conduct, satisfying the typicality requirement. *See* Prelim. Order 3-4. As to adequacy of representation, Andrade sufficiently demonstrates Class Counsel's qualifications, vigorous prosecution, and lack of conflicts. *Andrews Farms v. Calcot, Ltd.*, 2009 WL 1211374, at *11 (E.D. Cal. May 1, 2009). Finally, common questions of law and fact predominate, and a class action is superior to individual litigation for reasons already discussed. *See* Prelim. Order 5-6. The Court therefore makes final the Preliminary Order's provisional class certification.

### B. *Churchill* Factors

The relevant *Churchill* factors favor final approval. The settlement is based on a sufficient understanding of the case's strengths stemming from extensive discovery, investigation, and negotiation. The parties were represented by experienced counsel, each with a comprehensive understanding of the strengths and weaknesses of the claims and defenses. A review of the Settlement Motion and accompanying declarations supports that the settlement is the result of non-collusive, good-faith negotiation. Indeed, the settlement was reached after mediation with a neutral mediator, the Hon.

Jay C. Ghandi. The parties therefore settled based on arms-length negotiations with an "experienced wage-and-hour mediator." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009) (explaining that courts in the Ninth Circuit "put a good deal of stock in the product of an arms-length, non-collusive, negotiated resolution"). Moreover, "the risk, expense, complexity, and likely duration of further litigation" were substantial. *Churchill Vill.,* 361 F.3d at 575. Andrade would face significant obstacles not only with certifying the class but also surviving summary judgment on all claims and prevailing at trial. Class Counsel is experienced in this field and have handled numerous employment-related class actions. The parties therefore came to a sound conclusion when settling instead of continuing litigation.

The settlement provides meaningful relief to class members. The overall settlement of $585,000 and a Net Distribution Fund of approximately $320,000 is within the range of reasonableness considering the risk attendant with further litigation and the present case posture. *Pierce v. Rosetta Stone, Ltd.*, 2013 WL 1878918, at *7 (N.D. Cal. May 3, 2013). The $195.20 average net recovery—the highest being roughly $586.66—meets or exceeds typical recoveries stemming from wage and hour class action settlements and the settlement's $20,000 payment concerning PAGA penalties accounts for meritorious defenses and likely penalty reductions. *Cotter v. Lyft, Inc.*, 193 F. Supp. 3d 1030, 1037 (N.D. Cal. 2016). Class members' positive reaction to the settlement as evidenced by lack of opt-out requests and objection further supports final approval. Indeed, Simpluris delivered all class notices and received no objections. *See* Cita Decl. ¶¶ 9-11. The Court thus finds the settlement is fair, reasonable, and adequate.

### C. Fees, Costs and Incentive Awards

Andrade seeks a $195,000 fee award—one-third of the settlement amount—and $19,093 in costs. The settlement provides significant relief to class members related to their harms. *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983) ("[T]he most critical factor" in assessing a fee request "is the degree of success obtained."). To obtain this favorable settlement in the early stages of litigation—before incurring unnecessary

costs reducing recovery—Class Counsel engaged in intensive discovery, investigation, and negotiation, including a successful mediation. Review of counsel's fee documentation, undisputed qualifications, and efforts in this matter convince the Court that their request for a one-third award is reasonable, supported in this instance, and consistent with analogous decisions. *See, e.g., Emmons v. Quest Diagnostics Clinical Lab'ys, Inc.*, 2017 WL 749018, at *8 (E.D. Cal. Feb. 27, 2017) (approving fees of roughly one-third in wage and hour case); *Chavez v. Netflix, Inc.*, 162 Cal. App 4th 43, 66 n.11 (2008) ("Empirical studies show that, regardless whether the percentage method or the lodestar method is used, fee awards in class actions average around one-third of the recovery.").

This conclusion is consistent with a holistic approach to fees, and an understanding of what "rough justice" requires in this case. *Fox v. Vice*, 563 U.S. 826, 838 (2011) ("[T]rial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal… is to do rough justice, not to achieve auditing perfection."); *see also Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 130 F. Supp. 3d 1331, 1335 (C.D. Cal. 2015) ("District Court judges should award fees based on an overall global understanding and review of a case, rather than on a tedious review of voluminous time entries and hourly rates."). Class Counsel is therefore entitled to their requested $195,000 fee award. Because Class Counsel meticulously documents $19,093 in recoverable out-of-pocket expenses, the Court awards them that amount and turns to Andrade's requested $10,000 incentive reward.

The Fee Motion demonstrates that Andrade made significant investments in prosecuting this case for nearly two years, including more than 50 hours personally invested, risking reputational harm that may impact his employment prospects, and foregoing an individual suit in favor of an action addressing class harms. This evidence considered in the context of this action and resulting settlement sufficiently establishes that Andrade is entitled to the requested $10,0000 enhancement payment. *Staton*, 327 F.3d at 977; *Van Vranken*, 901 F. Supp. at 299.

1

### D. Adequacy of Notice Procedure

Rule 23 requires the Court to direct to class members "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). In addition, Rule 23(e)(1) requires the Court to "direct notice in a reasonable manner to all class members who would be bound by the proposal." The notice must explain in easily understood language the nature of the action, definition of the class, class claims, issues and defenses, ability to appear through individual counsel, procedure to request exclusion, and binding nature of a class judgment. Fed. R. Civ. P. 23(c)(2)(B). Plaintiffs must provide notice to potential opt-in class members that is "timely, accurate, and informative." *Hoffmann-La Rouche Inc. v. Sperling*, 493 U.S. 165, 172 (1989). Likewise, claim forms must be informative and accurate. *Id.* at 172.

Simpluris provided notice using the form and process preliminarily approved. Via first-class regular U.S. mail, Simpluris mailed the notice form to all settlement class members in accordance with the schedule and procedures in the Agreement. The Notice sent to class members pursuant to the Preliminary Order was the best notice practicable under the circumstances and provided sufficient notice to class members through Class Counsel's reasonable effort. Simpluris received no written objections to the proposed Agreement and no requests for exclusion. Class Counsel therefore complied with the Preliminary Order's notice requirements. The Court determines that all class members who did not timely and properly execute a request for exclusion are deemed Settlement class members who are bound by this Order. Finally, the Court approves the $18,500 payment to Simpluris, as it is sufficiently supported and less than the maximum $20,000 provisionally approved. *See* Prelim. Order 9.

### IV.    CONCLUSION

The Motions are **GRANTED**.

The Court approves the Agreement and directs implementation of its remaining terms, conditions, and provisions. The Court approves the $195,000 fee award and

$19,093 cost reimbursement to Class Counsel; the $10,000 class representative enhancement payment to Andrade; the $18,500 payment to Simpluris; and the $20,000 settlement of the PAGA claims, of which $15,000 is payable to the Labor and Workforce Development Agency ("LWDA") and $5,000 is payable to the PAGA Members. Consistent with this Order, judgment shall be entered whereby Andrade, Settlement Class Members, PAGA Members and the LWDA, shall take nothing from Defendant, except as set forth in the Agreement.

This action is **DISMISSED with prejudice**. This Order shall constitute notice of entry of judgment pursuant to Federal Rule of Civil Procedure 58.

**IT IS SO ORDERED.**

Dated: May 24, 2021

_____
MARK C. SCARSI
UNITED STATES DISTRICT JUDGE